IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERNEST COFFEY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-1006-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| DEPARTMENT OF TREASURY, | ) |
| INTERNAL REVENUE SERVICE, | ) |
| CHARLES RETTIG and | ) |
| STEVEN MNUCHIN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ernest Coffey filed this *pro se* action against the United States of America, the Department of Treasury, the IRS, Charles Rettig, and Steven Mnuchin alleging violations of 42 U.S.C. § 1983, the Federal Torts Claim Act, and the CARES Act. Coffey's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 2) is now before the Court. For the following reasons, the motion is **DENIED** and Coffey's Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915 applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Coffey has sufficiently demonstrated his indigence in this case. He states in his motion

and accompanying affidavit that he is currently incarcerated and unemployed and has no other income. His prisoner trust account has a balance of approximately $2.09. Based upon this information, the Court finds that Coffey is unable to pay the costs of commencing his lawsuit. The Court's inquiry does not end there, however, because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP.

The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense"). Thus, in conducting the § 1915(e)(2) screening, the Court is required to determine if the Complaint presents any potentially meritorious factual and legal grounds. The Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The federal government enacted three major laws in response to the COVID-19 pandemic. Each of these stimulus laws authorized direct economic impact payments ("EIPs") to American adults with an income below $75,000. The first stimulus statute, the Coronavirus Aid, Relief, and Economic Security Act ("the CARES Act"), provided for a $1,200 stimulus payment. 26 U.S.C. § 6428(a). The second stimulus statute, the Consolidated Appropriations Act ("the CAA"), authorized a $600 stimulus payment. 26 U.S.C. § 6428A(a). The third stimulus statute, the American Rescue Plan Act ("the ARPA"), authorized a $1,400 stimulus payment. 26 U.S.C. § 6428B(b).

Coffey received his CAA payment (Doc. 1, pp. 31-32). However, he alleges that he did not receive either the CARES Act or ARPA payments which he claims were stolen by someone

impersonating him. He further alleges that the IRS violated his constitutional rights by negligently failing to do its due diligence and failing to investigate prior to disbursing EIP payments. He seeks reimbursement of the two EIP in the amount of $1,200 and $1,400 that he claims were stolen.

As an initial matter, Coffey claims against Defendants Retting and Mnuchin in their official capacities fail to state a claim. "[A]n official capacity suit is tantamount to a claim against the government entity itself," and the Court shall construe it as such. *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). Further, to the extent he seeks to sue these Defendants in their individual capacities, the tax code provides that any suit related to recovering any internal revenue tax "may be maintained only against the United States and not against any officer or employee of the United States...." 26 U.S.C. § 7422(f)(1). Therefore, Defendants Retting, Mnuchin, Department of Treasury, and IRS will be dismissed with prejudice.

Turning to the allegations in the Complaint, "absent a waiver, sovereign immunity shields the federal government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (finding no direct cause of action for damages against federal agency because of sovereign immunity). As such, to the extent that Coffey is attempting to allege constitutional violations against the United States, his constitutional claims are barred by sovereign immunity. Likewise, he cannot maintain a claim against the United States under 42 U.S.C. § 1983 or the Federal Torts Claim Act ("FTCA"). Section 1983 applies only to state and local officers, while the FTCA is inapplicable to "any claim arising in respect to the assessment or collection of any tax". *Clark v. United States*, 326 F.3d 911, 913 (7th Cir. 2003).

Coffey's attempt to state a claim for tax refund fails as well. The United States consents to be sued for a tax refund only where the taxpayer has filed an administrative claim with the IRS pursuant to the conditions set forth in 26 U.S.C. § 7422(a), which states:

> "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

If the administrative claim is denied, the taxpayer may then file a tax refund suit in the district court, but only within the time constraints provided in 26 U.S.C. § 6532(a)(1). Compliance with these requirements is jurisdictionally required of the taxpayer before initiating the lawsuit.

Coffey attached documents to his Complaint including IRS form 3911 and correspondence from the IRS. In the most recent correspondence dated February 8, 2024, the IRS states that records show that the checks were mailed to Coffey on July 24, 2020 and July 16, 2021. The IRS also indicates that it is unable to do any additional investigations regarding the checks because Coffey did not complete the form 3911 and did not sign it, and instructs Coffey to resubmit a signed form 3911.

Coffey filed this lawsuit one month after his last correspondence from the IRS and it is unclear from the Complaint if Coffey followed the directive of the IRS. In other words, the Court cannot determine whether he exhausted his administrative remedies. Therefore, to the extent that this case can be construed as a refund action, Coffey has not alleged sufficient facts to establish that this Court has subject matter jurisdiction to decide the claim. To the extent that Coffey is alleging constitutional violations, those claims are dismissed with prejudice.

Accordingly, Plaintiff's Complaint is **DISMISSED without prejudice** and his motion to proceed *in forma pauperis* is **DENIED**. All pending motions are **TERMINATED** as **MOOT**.

Plaintiff may file an amended complaint consistent with this Order and establishing that he exhausted his administrative remedies within 30 days.

**IT IS SO ORDERED.**

**DATED:  July 8, 2024**

**STACI M. YANDLE**
**United States District Judge**