IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERNEST COFFEY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-1006-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| DEPARTMENT OF TREASURY, | ) |
| INTERNAL REVENUE SERVICE, | ) |
| CHARLES RETTIG and | ) |
| STEVEN MNUCHIN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ernest Coffey filed this *pro se* action against the United States of America, the Department of Treasury, the IRS, Charles Rettig, and Steven Mnuchin alleging violations of 42 U.S.C. § 1983, the Federal Torts Claim Act, and the CARES Act. The Court dismissed Coffey's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and directed him to file an amended complaint within 30 days that cured the original complaint (Doc. 8). Coffey amended his complaint and now moves to proceed *in forma pauperis* ("IFP") (Doc. 10). For the following reasons, the motion is **DENIED** and Coffey's Amended Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915

applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Coffey has sufficiently demonstrated his indigence in this case. He states in his motion and accompanying affidavit that he is currently incarcerated and unemployed and has no other income. Based upon this information, the Court finds that Coffey is unable to pay the costs of commencing his lawsuit. The Court's inquiry does not end there, however, because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP.

The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense"). Thus, in conducting the § 1915(e)(2) screening, the Court is required to determine if the Complaint presents any potentially meritorious factual and legal grounds. The Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Coffey's Complaint was dismissed without prejudice because it was unclear if he had exhausted his administrative remedies. In his Amended Complaint, Coffey states that he has exhausted his administrative remedies and attaches correspondence from the IRS in support. However, the correspondence from the IRS, dated May 2024, instructs Coffey to provide additional information and return it to the IRS Refund Inquiry Unit. Again, it is unclear if Coffey took any further steps with the IRS. Therefore, to the extent that this case can be construed as a refund action, Coffey still has not alleged sufficient facts to establish that this Court has subject matter jurisdiction to decide the claim.

Accordingly, Plaintiff's Complaint is **DISMISSED without prejudice** and his motion to proceed *in forma pauperis* is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  October 4, 2024**

                                        **STACI M. YANDLE**
                                        **United States District Judge**